UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SUNDBERG,<br><br>    Petitioner,<br><br>    v.<br><br>R. GROUNDS, warden,<br><br>    Respondent.<br>_____ / | No. C 10-5907 SI (pr)<br><br>**ORDER DENYING HABEAS PETITION** |

Roger Sundberg, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he claims that the Board of Parole Hearings' January 6, 2009 determination that he was not suitable for parole denied him due process because there was insufficient evidence to support the decision and because it violated the terms of his plea bargain. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

1    A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground
2 that he is in custody in violation of the Constitution or laws or treaties of the United States.'"
3 Swarthout v. Cooke, No. 10-333, slip op. 1, 4 (U.S. Jan. 24, 2011) (citations omitted.)   The
4 court may not grant habeas relief for state law errors. Id.

5    For purposes of federal habeas review, a California prisoner is entitled to only "minimal"
6 procedural protections in connection with a parole suitability determination.  The procedural
7 protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth
8 Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement
9 of the reasons why parole was denied. See id. at 4-5.  The Court explained that no Supreme
10 Court case "supports converting California's 'some evidence' rule into a substantive federal
11 requirement," id. at 5, and the Ninth Circuit erred in holding otherwise.

12    In light of the Supreme Court's determination that the constitutionally-mandated
13 procedural protections do not include a requirement that there be some evidence (or any other
14 amount of evidence) to support the parole denial, the due process claim based on the
15 insufficiency of the evidence is denied.

16    Petitioner's other claim – that the denial of parole violated due process because it was a
17 breach of his plea agreement – also will be denied.  The court previously considered and rejected
18 the breach-of-plea-agreement claim in an earlier habeas petition because petitioner showed no
19 term that had been breached, see Order Denying Habeas Petition in Sundberg v. Curry, No. C
20 08-2709 SI.  Assuming for purposes of argument that the claim in the present petition is not
21 untimely, it is denied for the reasons explained in that earlier order.

22    A certificate of appealability will not issue because petitioner has not made "a substantial
23 showing of the denial of a constitutional right." 28 U.S.C. §  2253(c)(2).  This is not a case in
24 which "reasonable jurists would find the district court's assessment of the constitutional claims
25 debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

26 / / /

27

28

For the foregoing reasons, the petition for writ of habeas corpus is DENIED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: January 26, 2011

_____
SUSAN ILLSTON
United States District Judge